**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES COLVIN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 25-279** |
| **TRAVIS DAY, ET AL.** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reimbursement of Service Expenses. (Rec. doc. 28).[1]  The Motion is unopposed.  Having reviewed the pleading, the record, and the case law, the Court finds as follows.

### I.    Background

On February 7, 2025, Plaintiff James Colvin filed this lawsuit against Defendants, Travis Day, Juan Martinez, Lesley Wheat, Kevin Luper, Brooke Thomas, and Jules Herbert, in their official and individual capacities.[2]  (Rec. doc. 1).  Plaintiff is incarcerated at Rayburn Correctional Center and alleges that the health care provided to him by Defendants falls short of constitutional minimums.  He further alleges that Defendants were negligent and violated his constitutional rights under the Eighth Amendment and his statutory rights under the Americans with Disabilities Act and the Rehabilitation Act.  (*Id.*)

The Court issued summonses to the Defendants on February 11, 2025.  (Rec. doc. 4).  On February 14, 2025, service was made upon Defendants through a deputy warden assistant at Defendants' place of employment, Rayburn Correctional Center.  Those proofs of service and affidavits of service were not filed in the record because, on March 6, 2025,

---

[1] The District Court referred the motion to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Rec. doc. 29).

[2] Several Defendants were misidentified in the original complaint.  These are the proper spellings.

Plaintiff filed an amended complaint. (Rec. doc. 28-3 at 2). The Court issued summonses the following day. (Rec. doc. 7).

On March 18, 2025, Plaintiff's counsel contacted Defendants' counsel by email asking whether counsel would waive service on Defendants in their individual capacities. (Rec. doc. 28-3 at 2). Defendants' counsel responded on March 21, 2025 that "our office is not presently authorized to waive service on any of the Defendants." Plaintiff's counsel responded by asking Defendants' counsel to reconsider their "refusal" to waive service. Defendants' counsel replied "we are not refusing to waive service—this case was referred to us by the State and we only presently represent these Defendants in their official capacities. We have not yet made contact with them and have no authority to accept, waive, or refuse service in their individual capacities." (*Id.*).

Thereafter, Plaintiff's counsel contacted general counsel for Rayburn Correctional Center asking who represents Defendants in their individual capacity and was instructed to contact Defendants' counsel with that inquiry. (*Id.*). Plaintiff's counsel forwarded that email to Defendants' counsel on April 15, 2025, asking whether their firm represents Defendants in their individual capacity, then followed up the next day. (*Id.* at 3). Three weeks prior to the May 8, 2025, deadline to serve Defendants in their individual capacity, Plaintiff's counsel engaged a private investigator to identify Defendants' residential addresses and make attempts at service. On April 28, 2025, Defendants' counsel sent Plaintiff's counsel an email attaching waivers of service for four Defendants and stating that the remainder were forthcoming. (*Id.*).

Plaintiff's counsel requested that Defendants' counsel reimburse the costs incurred in attempting to serve Defendants. Defense counsel refused. The instant Motion followed,

wherein Plaintiff's counsel seeks $974, inclusive of $504 in service expenses plus $470 in attorney's fees.

## II.    Law and Analysis

Plaintiff seeks reimbursement of service fees pursuant to Federal Rule of Civil Procedure 4(d)(1), which allows reimbursement when defendant is sent a request for waiver and fails to provide that waiver without good cause.

Rule 4 provides:

An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request **must**:

(A) be in writing and be addressed:
    (i) to the individual defendant; or
    (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
(B) name the court where the complaint was filed;
(C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
(D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
(E) state the date when the request is sent;
(F) give the defendant a reasonable time of at least 30 days after the request was sent – or at least 60 days if sent to the defendant outside any judicial district of the United States – to return the waiver; and
(G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1)(A)-(G) (emphasis added).  It is undisputed that Defendants are subject to service.  Accordingly, they had "a duty to avoid unnecessary expenses of serving the summons." (*Id.*).

However, as denoted by the term "must," the requirements for notice and request of waiver are also mandatory.  Plaintiff only inquired over email whether Defendants would be

willing to waive service and never mailed a waiver package to Defendants. Plaintiff admits this in his Motion, arguing that mailing a waiver package would have been "fruitless." Plaintiff further argues that his failure to send a waiver form does not preclude reimbursement, because such a finding would be too "formalistic" of an approach to Rule 4. (Rec. doc. 28-2 at 4).

Federal courts consistently hold that failure to comply with the technical requirements of Rule 4 may foreclose any award of costs. *See Armco, Inc. v. Pernod-Staufer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 n.1 (4th Cir. 1984) ("The plaintiff's lawyer failed to enclose a self-addressed, stamped envelope for return of the signed acknowledgment as required by the rule. That neglect may have foreclosed a possible claim for reimbursement of the cost of effecting personal service."); *Darby v. Norfleet*, No. Civ. A. 09-2764 R(3), 2010 WL 996545, at *3 (E.D. La. Feb. 22, 2010), *report and recommendation adopted*, No. Civ. A. 09-2764 R, 2010 WL 996542 (E.D. La. Mar. 16, 2010) (denying reimbursement of costs for failing to include two copies of the waiver form and a prepaid means to return the waiver); *Perez v. County of Westchester*, 83 F. Supp. 2d 435, 441 (S.D. N.Y. 2000) (denying reimbursement of costs because plaintiff's request for waiver did not directly notice defendant, was not accompanied by copy of complaint, and failed to include prepaid means of compliance in writing); *Mason Tenders Dist. Council Pension Fund v. Messera*, No. 95 CIV 9341, 1997 WL 221200, at *5 (S.D. N.Y. Apr. 1, 1997) (denying motion for costs when plaintiff failed to include stamp on self-addressed envelope). Strict adherence to Rule 4 is required

by all parties, not just Defendants.  Because Plaintiff did not adhere to Rule 4's notice and request requirement, Plaintiff is not entitled to reimbursement of service expenses.[3]

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff James Colvin's Motion for Reimbursement of Service Expenses (rec. doc. 28) is **DENIED.**

New Orleans, Louisiana, this _____ 1st day of _____ October _____, 2025.

_____

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Notably, the first time Plaintiff's counsel contacted Defendants' counsel inquiring about waiver of service was March 18, 2025.  Defendants' counsel waived service as to four Defendants on April 28, 2025, just over a month later.  Rule 4 requires that plaintiff give defendant a reasonable time of *at least* 30 days after the request was sent to return the waiver.  Defendants' counsel took just over that time to return waiver of service, even without a proper notice and request.  Moreover, the Court need not reach the issue of whether Defendants' counsel's lack of knowledge with respect to whether they represented Defendants in their individual capacity amounts to "good cause" under Rule 4(d)(2).